IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**EBS OF OHIO, INC.,**

      **Plaintiff,**

      v.

**UNITED RE AG, et al.,**

      **Defendants.**

**Case No. 2:09-cv-836**
**Judge Sargus**
**Magistrate Judge Abel**


### OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Dismiss Fraud Counterclaim (Docs. 7 & 12). For the reasons that follow, the Plaintiff's motion is **GRANTED.**

**I.**

Plaintiff EBS of Ohio, Inc. ("EBS") brings the instant action against Defendants United Re AG ("United Re"), Hugh Scott ("Scott"), Vado AG, and TexcessRe, Inc. ("TexcessRe") for breach of contract and tortious interference with business relations and contracts.

EBS "is a third-party administrator specializing in partial self-funding, allowing companies to provide medical insurance plans for employees by taking a share of the claims risk." (Am. Compl. ¶ 1.) Defendant United Re is an insurer and provided services to many of EBS's clients. (Am. Compl. ¶¶ 2, 10.) Scott is the corporate counsel of United Re. (Am. Compl. ¶ 3.) According to EBS's amended complaint, Vado AG is a Swiss corporation having business relationships with United Re and TexcessRe is a Texas corporation that has provided insurance services to may of EBS's Ohio customers through its relationship with United Re.

(Am. Compl. ¶¶ 4–5.)

Pursuant to certain trust agreements with EBS, United Re entered "stop-loss" contracts with EBS's customers. (Am. Compl. ¶ 10.) Under these contracts, in exchange for a premium, United Re agreed to pay for the medical benefits of the customers' employees if the cost to the customers of the medical benefits exceeded an agreed amount. (Am. Compl. ¶ 10.) United Re also had separate "aggregate" stop-loss agreements with EBS's customers under which United Re was obligated to pay for medical costs above an aggregate total for all of a customer's employees. (Am. Compl. ¶ 11.) United Re did not retain premiums it received from EBS's customers, but instead transferred them to Vado AG and TexcessRe—Vada AG was a reinsurer for United Re and TexcessRe processed claims of United Re's EBS customers. (Am. Compl. ¶ 13.)

EBS contends that United Re wrongfully denied many of the stop-loss claims of its customers. (*See* Am. Compl. ¶ 13.) According to EBS, in October 2007, it terminated its relationship with United Re because of "questionable and substandard claims practices and a growing backlog of claims." (Am. Compl. ¶ 15.) EBS alleges that in retaliation for terminating the relationship, United Re began to make false claims to EBS's customers that EBS had engaged in negligent and improper practices. (Am. Compl. ¶ 17.) The actions of Defendants allegedly caused many of EBS's customers to terminate their relationship with EBS, costing the firm millions of dollars in business. (Am. Compl. ¶¶ 23–24.)

EBS filed its initial complaint in this matter in September 2009, bringing claims for tortious interference with contract, tortious interference with business relations, and breach of contract. (*See* Compl.) Through leave of the Court, EBS amended its complaint to include

2

Defendants Vado AG and TexcessRe.  In their answers to both the initial complaint and amended complaint, United Re and Scott denied EBS's allegations of improper behavior and brought counterclaims against EBS for fraud and breach of fiduciary duty.  (*See* Doc. 24.)  EBS now moves to dismiss these counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.

The Court notes that EBS's motion to dismiss (Doc. 7) was filed in response to the counterclaims made in United Re and Scott's answer to its original complaint (Doc. 5), and that EBS's subsequent motion to dismiss (Doc. 12) was made in response to those Defendants' efforts to amend their counterclaims.  As discussed above, EBS subsequently filed an amended complaint (Doc. 21) and United Re and Scott's answer to the amended complaint retained their counterclaims (Doc. 24).  A comparison of the counterclaims contained in the answer to the original complaint with those contained in the answer to the amended complaint reveals that they are identical.  Accordingly, the Court considers Document 7 as remaining applicable to the counterclaims in the answer to the amended complaint, and will dismiss Document 12 as moot.

## III.

Rule 12(b)(6) requires dismissal if a pleading fails to state a claim upon which relief can be granted.  While Rule 8(a)(2) requires a  pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Furthermore, "[a]lthough for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the [pleading] as true, [it] [is] not

3

bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

In addition to the basic pleading requirements found in Rule 8, rule 9(b) specifies that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "Rule 9(b)'s particularity requirement does not mute the general principles set out in Rule 8; rather, the two rules must be read in harmony." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988). In the Sixth Circuit, Rule 9(b)'s heightened pleading standard has been interpreted to require "plaintiffs to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir. 1993)). Failure to comply with the heightened pleading requirements of Rule 9(b) is treated as a failure to state a claim for which relief can be granted. *U.S. ex rel. Howard v. Lockheed Martin Corp.*, 499 F. Supp. 2d 972, 976 (S.D. Ohio 2007) (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 n.5 (4th Cir. 1999)). Finally, in cases where a claimed breach of fiduciary duty is based on allegations of fraud, averments of the fraudulent activity constituting the breach must meet the heightened pleading standard of Rule 9(b). *See In re Nat'l Century Fin. Enters., Inc.*, 504 F. Supp. 2d 287, 311–12 (S.D. Ohio 2007).

## IV.

EBS contends, and the Court agrees, that United Re and Scott's fraud counterclaim should be dismissed for failing to meet the heightened pleading requirement of Rule 9(b). Under

4

Ohio Law, the elements of fraud include:

    (a) a representation or, where there is a duty to disclose, concealment of a fact,

    (b) which is material to the transaction at hand,

    (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,

    (d) with the intent of misleading another into relying upon it,

    (e) justifiable reliance upon the representation or concealment, and

    (f) a resulting injury proximately caused by the reliance.

*Burr v. Bd. of County Comm'rs of Stark County*, 491 N.E.2d 1101, 1105 (Ohio 1986) (internal quotations omitted).

    The fraud counterclaim alleges that EBS "consistently misrepresented the information from potential insurance groups to United Re," which resulted in "lost commissions to which [United Re] would have been entitled." (Doc. 24 at 6–7.) United Re and Scott do not, however, allege that EBS provided the allegedly false information "with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false." Thus, the fraud counterclaim contains no allegations of fraudulent intent on the part of EBS. Additionally, the fraud counterclaim does not allege specific times when false information was provided by EBS, the specific places where such information was received, or the specific content of communications that were allegedly false. For the above reasons, United Re and Scott's fraud counterclaim must be dismissed for failure to state a claim.

    The counterclaim alleging breach of fiduciary duty also fails for the same reasons. As stated above, if fiduciary duty is alleged to have been breached because of fraud, the allegations

of fraud must meet the standards of Rule 9(b).  Here, the only reasonable reading of the fiduciary-duty counterclaim is that it arises out of the same conduct of EBS alleged in the fraud counterclaim.  Thus, because the fraud counterclaim fails to state a claim, the breach of fiduciary duty counterclaim also fails to state a claim and must be dismissed.

V.

For the reasons set forth above, EBS's Motion to Dismiss Fraud Counterclaim (Doc. 7) is **GRANTED** and the counterclaims of United Re and Hugh Scott are **DISMISSED**.

Additionally, Document 12 is dismissed as moot.

**IT IS SO ORDERED.**

9 – 27 – 2010
_____
**DATED**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**